JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-5273-VBF(FFMx)**                    Dated: **November 23, 2011**

Title:    Gerald Egbase -*v*- Washington Mutual Bank FA, et al.

_____

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                      None Present
          Courtroom Deputy                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):**        **COURT ORDER DISMISSING FOR FAILURE TO
                                       COMPLY WITH COURT ORDER**


     On November 8, 2011, the Court ordered Plaintiff Gerald Egbase
("Plaintiff") to file an amended complaint by November 22, 2011.  The
Court warned Plaintiff that failure to file an amended complaint by that
date may result in dismissal without prejudice.  To date, Plaintiff has
not filed an amended complaint.

     It is well established that a district court has authority to
dismiss a plaintiff's action because of his or her failure to comply with
court orders. *See* Fed. R. Civ. P. 41(b); *see also Ferdik v. Bonzelet*, 963
F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may
dismiss an action for failure to comply with any order of the court).
Dismissal, however, should not be entered unless a plaintiff has been
notified that dismissal is imminent.  *See West Coast Theater Corp. v.
City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990).

     In determining whether to dismiss a case for failure to comply with
court orders, a district court should consider five factors: (1) the
public's interest in expeditious resolution of litigation; (2) the
court's need to manage its docket; (3) the risk of prejudice to the
defendants; (4) the public policy favoring disposition of cases on their
merits; and (5) the availability of less drastic sanctions. *See Ferdik*,
963 F.2d at 1260-61 (*quoting Thompson v. Housing Auth.*, 782 F.2d 829, 831
(9th Cir. 1985)).


MINUTES FORM 90                        Initials of Deputy Clerk ___jre___
CIVIL - GEN

Taking all of the above factors into account, dismissal for failure to comply with a court order is appropriate.  Accordingly, Plaintiffs' action is **DISMISSED** without prejudice for failure to comply with a court order.

**IT IS SO ORDERED.**

MINUTES FORM 90                              Initials of Deputy Clerk ___jre___
CIVIL - GEN